UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Murray Mayer, individually and on behalf of all others similarly situated, | Case No. 18-cv-3097 (NEB/SER) |
| Plaintiff, | |
| v. | **ORDER** |
| Apogee Enterprises, Inc., Joseph F. Puishys, and James S. Porter, | |
| Defendants. | |

Plaintiff Murray Mayer filed a putative class action against Defendants Apogee Enterprises, Inc., and its CEO and CFO, Joseph F. Puishys and James S. Porter, respectively, alleging violations of the Securities Exchange Act of 1934. (Compl., ECF No. 1). The complaint alleges Defendants made false and misleading statements or concealed adverse information regarding Apogee's business, operations, and prospects in order to inflate the stock price. Mayer proposes a class of investors who purchased Apogee common stock between June 28, 2018 and September 17, 2018. (Compl. ¶ 1). Mayer asserts two counts for the proposed class: (1) violation of Section 10(b) and Rule 10b-5 against all defendants, and (2) violation of Section 20(a) by Puishys and Porter. (Compl. ¶¶ 39–56).

The City of Cape Coral Municipal Firefighters' Retirement Plan and the City of Cape Coral Municipal Police Officers' Retirement Plan (collectively the "Retirement Plans") moved for appointment as lead plaintiffs and approval as lead counsel. (ECF

No. 5). Neither Mayer nor Defendants have responded to the Retirement Plans' motion. (*See* ECF No. 12).[1] Additionally, no other persons or entities have come forward to request appointment as lead plaintiff. (*See* ECF No. 12). The Court notes, however, that Mayer requests in his complaint appointment as class representative and appointment of his attorneys as class counsel. (Compl., at 21).

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i), a court "shall consider any motion made by a purported class member . . . and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . ." Courts shall presume the "most adequate plaintiff" is who: (1) "has either filed the complaint or made a motion in response to a notice"; (2) "has the largest financial interest in the relief sought by the class"; and (3) will fairly and adequately protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii); Fed. R. Civ. P. 23(a).

Here, statutory notice was published on November 5, 2018. (Decl. of Carolyn G. Anderson, Ex. A, ECF No. 8). The Retirement Plans' motion was timely filed following that notice. Likewise, Mayer filed the complaint which initiated this matter. Thus, both Mayer and the Retirement Plans may be considered as lead plaintiff.

Second, according to the Complaint, Mayer purchased 400 shares of Apogee stock on September 17, 2018. (Compl., Ex. A). The Retirement Plans purchased 8,460 shares

---

[1] In fact, the parties submitted a joint motion to the Court anticipating that the Court would grant the instant motion, requesting deadlines for serving an amended complaint and a response thereto. (ECF No. 17).

on August 14, 2018. (Anderson Decl., Exs. B, C).[2] Whether considering the Retirement Plans individually or collectively, they hold a much larger financial interest than Mayer by a factor of 10 or 20, respectively. Moreover, the Retirement Plans purchased their shares at a higher price—$49.73—compared to Mayer—$49.05—rendering their loss even higher. (Anderson Decl., Exs. B, C; Compl., Ex. A). Further, the Retirement Plans have held Apogee stock longer than Mayer. Thus, the Retirement Plans have the largest financial interest in the relief sought by the class.

Once a court makes the financial comparison and "identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements." *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002). Accordingly, the third step in the Court's inquiry is whether the Retirement Plans can adequately represent the interests of the class. *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 407 n.8 (D. Minn. 1998). This Court has no concerns that the Retirement Plans would not adequately represent the interests of the class. The Retirement Plans, as institutional investors, are able and willing to prosecute this action completely and vigorously and have the resources to do so. Indeed, the Retirement Plans are the "large, institutional lead plaintiff[s] envisioned by Congress when the PSLRA was enacted." *W. Washington Laborers-Employers Pension Trust v. Panera Bread Co.*, 2008 WL 2559431, at *1 (E.D. Mo. June 23, 2009) (citing H.R. Conf. Rep. No. 104–369, at 34 (1995)). The Retirement Plans interests are similar to

---

[2] The City of Cape Coral Municipal Firefighters' Retirement Plan purchased 4,270 shares on August 14, 2018, and the City of Cape Coral Municipal Police Officers' Retirement Plan purchased 4,190 shares on August 14, 2018.

those of the class in litigating the alleged securities violations related to the valuation of Apogee stock, that is, the Retirement Plans are driven to seek redress for the losses incurred. Thus, the Retirement Plans satisfy the third requirement.

Finally, the Retirement Plans ask for appointment of their counsel of choice as lead counsel. Once the most adequate plaintiff is determined, that plaintiff "shall . . . select and retain counsel to represent the class" subject to the court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, the Retirement Plans' selected counsel is experienced with securities litigation and have received favorable results for their clients. (*See* Anderson Decl., Exs. D, E). Accordingly, this Court finds no reason to disturb the Retirement Plans' choice in counsel.

Based on the foregoing, **IT IS HEREBY ORDERED** that the Retirement Plans' Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel, (ECF No. 5), is **GRANTED** as follows:

1. The City of Cape Coral Municipal Firefighters' Retirement Plan and the City of Cape Coral Municipal Police Officers' Retirement Plan are appointed as lead plaintiffs;
2. Robbins Geller Rudman & Dowd LLP is appointed as lead counsel; and
3. Zimmerman Reed LLP is approved as liaison counsel.

Date: February 26, 2019

　　　　　　　　　　　　　　　　　　*s/ Steven E. Rau*
Steven E. Rau
United States Magistrate Judge
District of Minnesota